J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiff Disney
Enterprises, Inc.

Arthur Jacobs a/k/a Odie Jacobs
P.O. Box 50215
Jacksonville Beach, Florida 32240
Telephone: (904) 482-2432

Defendant, *in pro se*

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT

JAN - 9 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Disney Enterprises, Inc.,

                     Plaintiff,

         v.

Arthur Jacobs a/k/a Odie Jacobs and Does
1 – 10, inclusive,

                     Defendants.

Case No. CV07-7289 ABC (JTLx)

[~~PROPOSED~~] CONSENT DECREE
AND PERMANENT
INJUNCTION

        The Court, having read and considered the Joint Stipulation for Entry of

Consent Decree and Permanent Injunction that has been executed by Plaintiff Disney

Enterprises, Inc. ("Plaintiff") and Defendant Arthur Jacobs a/k/a Odie Jacobs

("Defendant") in this action, and good cause appearing therefore, hereby:

        ORDERS that based on the parties' stipulation and only as to Defendant, his

successors, heirs, and assignees, this Injunction shall be and is hereby entered in the

within action as follows:

Disney v. Jacobs, et al.: [Proposed] Consent Decree          - 1 -

1)    This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendant.

~~2)    Plaintiff claims that it owns or controls the pertinent rights in and to the~~ copyright registrations listed in Exhibit "A" attached hereto and incorporated herein by this reference  (The copyrights identified in Exhibit A are collectively referred to herein as "Plaintiff's Properties").

3)    Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4)    Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined from:

a)    Infringing Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, reproducing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically from:

i)    Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

ii)    Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

iii)   Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

iv)   Affixing, applying, annexing or using in connection with the importation, manufacture, reproduction, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5)   Each side shall bear its own fees and costs of suit.

6)   Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7)   This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8)   The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9)   The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)   The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11)    This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:    1/8/08

_____
Hon. Audrey B. Collins
Judge, United States District Court
for the Central District of California

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.

By: _____
    J. Andrew Coombs
    Nicole L. Drey
Attorneys for Plaintiff Disney
Enterprises, Inc.

Arthur Jacobs a/k/a Odie Jacobs

By: _____
    Arthur Jacobs a/k/a Odie
    Jacobs
Defendant, *in pro se*

Exhibit A - Consent Decree
Disney Enterprises, Inc. v. Jacobs, et al.

| Item Title | Registration No. | Registration Date |
|---|---|---|
| Beauty and the Beast | PA 542-647 | 11/20/1991 |
| Beauty and the Beast Enchanted Christmas | PA 1-312-839 | 1/19/2006 |
| Cars | PA 1-322-908 | 6/30/2006 |
| Cinderella II | PA 1-122-518 | 10/16/2002 |
| Lion King | PA 659-979 | 6/20/1994 |
| Lion King II: Simba's Pride | PAu 2-325-441 | 9/16/1998 |
| Nightmare Before Christmas, The | PA 659-601 | 10/25/1993 |
| Pirates of the Caribbean: Dead Man's Chest | PA1-322-906 | 7/6/2006 |
| Santa Clause, The | PA 662-900 | 11/22/1994 |
| Santa Clause II | PA 1-147-572 | 6/3/2003 |
| Snow White and the Seven Dwarfs | LP 7689 | 1/4/1938 |
| Tombstone (1997, DVD) | PA 711-511 | 2/25/1994 |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On January 7, 2008 I served on the interested parties in this action with the:

- JOINT STIPULATION RE ENTRY OF [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION
- [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION

for the following civil action:

<u>Disney Enterprises, Inc. v. Arthur Jacobs, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

> Arthur Jacobs Jr.
> P.O. Box 50215
> Jacksonville Beach, FL 32240

Place of Mailing: Glendale, California
Executed on January 7, 2008 at Glendale, California

_____
Katrina Bartolome